UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHWADJA DAVIS and MITCHELL DIXON,

    Plaintiffs,

v.

ERIC SABREE, et al.,

    Defendants.

Case No. 25-cv-10766

Honorable Robert J. White

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

This matter is presently before the Court on its own review of the complaint. (ECF No. 1). Plaintiffs proceed pro se. Although they are entitled to a liberal construction of their pleadings, that treatment "has limits." *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Upon review, the complaint is difficult to follow; it is certainly not a "short and plain statement" setting forth Plaintiffs' grounds for relief. Fed. R. Civ. P. 8(a); *see Nassar El v. Smith*, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012). Insofar as the Court can discern from the allegations, Plaintiffs Khwadja Davis and Mitchell Dixon challenged Wayne County's policy for refunding surplus proceeds from tax foreclosure sales of Plaintiffs' property. (ECF No. 1, PageID.13). The complaint also appeared to allege

that the Defendants, a group of elected and appointed government officials in Michigan, are using public office to gain inside information and thereby arrange low-ball offers to Michigan homeowners so that the officials can acquire and flip the homes to investors and "keep premium homes for their own." (*Id.* at PageID.1).

Courts may dismiss sua sponte for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b) when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). This is true even if Plaintiffs paid the filing fee. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action") (emphasis added). Here, Plaintiffs' complaint is comprised largely of allegations that are unsupported, to the point of implausibility, and devoid of merit.

To the extent the Court can parse cognizable claims from the complaint, Plaintiffs do not have standing to raise these under Article III. If a plaintiff lacks standing to bring a suit, then the Court does not have subject matter jurisdiction to hear the case. *See Wiater v. Stellantis, N.V.*, No. 23-11408, 2024 WL 4339983, at *1 (E.D. Mich. Sept. 27, 2024). The "constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Here, Plaintiffs have not satisfied the first element because their injury is not "concrete and particularized." *Lujan*, 504 U.S. at 560.  Plaintiffs alleged that that Wayne County's restrictions on submitting claims for the surplus proceeds from tax foreclosure sales violate their constitutional rights. (ECF No. 1, PageID.13–14).  Plaintiffs attached the claim forms they submitted to obtain the surplus allegedly owed them (*Id.* at PageID.70, 78) but they did not allege, or submit evidence by affidavit or otherwise, that the claim was denied.

As a result, Plaintiffs did not show that the injury is particularized such that it affects them in a "personal and individual way." *Spokeo*, 578 U.S. at 339 (citation omitted).  Nor did they show that the injury actually exists. *Id.* at 340.  Without sufficient allegations of the denial of their claims, the Court cannot discern any injury to establish standing.  Finally, to the extent Plaintiffs raised claims under the Michigan state constitution, (ECF No. 1, PageID.13–14), the Court lacks jurisdiction to address these causes of action. *See Olivares v. Mich. Comp. Agency*, No. 17-13994, 2017 WL 8792723, at *2 (E.D. Mich. Dec. 27, 2017) (finding court lacked subject matter jurisdiction over state law claims).  Accordingly,

IT IS ORDERED that Plaintiffs' complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Plaintiffs' Emergency Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED AS MOOT**.

Dated: March 24, 2025                         s/Robert J. White
                                              Robert J. White
                                              United States District Judge